

# THE ATTORNEY GENERAL
# OF TEXAS

**GERALD C. MANN**
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

**AUSTIN 11, TEXAS**

Honorable Elmer H. Parish
District Attorney
Wichita County
Wichita Falls, Texas

Attention: Shields Heyser

Dear Sir:

Opinion No. O-5579
Re: Is a soldier of the United
States Army amenable to
the State Laws of Texas?
And a related question.

This will acknowledge receipt of your recent letter in which you pose two questions for this department to answer. These questions as they appear in your letter are as follows:

"First, is a soldier of the United States
Army amenable to the State Laws of Texas?
Second, does the military law of the United
States Army supercede all State Laws when
the State makes an arrest for a soldier com-
miting a criminal act against the State of Texas?"

Title 10, U.S.C.A., Section 1546, provides as follows:

"Delivery of offenders to civil authorities
(article 74). When any person subject to mili-
tary law, except one who is held by the military
authorities to answer, or who is awaiting trial
or result of trial, or who is undergoing sentence
for a crime or offense punishable under these
articles, is accused of a crime or offense com-
mitted within the geographical limits of the States
of the Union and the District of Columbia, and
punishable by the laws of the land, the commanding
officer is required, except in time of war, upon
application duly made, to use his utmost endeavor
to deliver over such accused person to the civil

authorities, or to aid the officers of justice in apprehending and securing him, in order that he may be brought to trial. Any commanding officer who upon such application refuses or wilfully neglects, except in time of war, to deliver over such accused person to the civil authorities or to aid the officers of justice in apprehending and securing him shall be dismissed from the service or suffer such other punishment as a court-martial may direct.

"When, under the provisions of this article, delivery is made to the civil authorities of an offender undergoing sentence of a court-martial, such delivery, if followed by conviction, shall be held to interrupt the execution of the sentence of the court-martial, and the offender shall be returned to military custody, after having answered to the civil authorities for his offense, for the completion of the said court-martial sentence."

Title 10 U.S.C.A. Sections 1564 and 1565, respectively provide as follows:

"Any person subject to military law who commits murder or rape shall suffer death or imprisonment for life, as a court-martial may direct; but no person shall be tried by court-martial for murder or rape committed within the geographical limits of the States of the Union and the District of Columbia in time of peace."

"Any person subject to military law who commits manslaughter, mayhem, arson, burglary, house-breaking, robbery, larceny, embezzlement, perjury, forgery, sodomy, assault with intent to commit any felony, assault with intent to do bodily harm with a dangerous weapon, instrument, or other thing, or assault with intent to do bodily harm, shall be punished as a court-martial may direct."

It is well settled that in time of peace a person in the Military Service of the United States who, in any portion of a state or territory not within the exclusive jurisdiction of the United States, commits a criminal offense recognized and made punishable by the local laws is amenable to the state or territorial courts therefor. U. S. v. Lewis (C.C. Pa. 1904) 129 F. 825,

affirmed 26 S.Ct. 229, 200 U.S. 1, 50 L.Ed. 343; 36 Am.Jur. p. 261; 6 C.J.S. p. 425. By virtue of section 1546, supra, in time of peace it becomes the duty of the commanding officer of a military post upon application duly made to deliver the accused person in military service to the civil authorities or to aid in the apprehension of such offender. A wilfull neglect of this duty subjects the commanding officer to dismissal from service or other punishment as the court-martial may direct.

A different situation exists however in time of war. It will be noted in section 1546, supra, that it is the duty of the commanding officer to deliver a person under his command to civil authorities upon application therefor except in time of war. Likewise, section 1564, supra, empowers the military courts to punish a person subject to military law for committing murder or rape, but prohibits a court-martial to try a person for such offense in time of peace. The contention has often been made that the wording of these sections in the above manner gave the military courts exclusive jurisdiction in time of war of a person in military service, who commits an offense recognized and punishable by local laws. The courts have consistently held, however, the military courts in time of war do not have exclusive jurisdiction over offenses committed by persons in military service, but rather the military courts and the civil courts have concurrent jurisdiction over these offenses committed by such persons. Caldwell v. Parker (Ala. 1920) 40 S.Ct. 388, 252 U.S. 376, 64 L.Ed. 621; Kahn v. Anderson (Kan. 1920) 41 S.Ct. 224, 255 U.S. 1; U.S. v. Hirsch, 254 F. 109; 6 C.J.S. p. 425.

This concurrent jurisdiction in time of war of the military and state courts over offenses against local laws committed by persons in military service is not in the true sense a concurrent jurisdiction as generally understood. As a rule the courts of concurrent jurisdiction are on an equal basis and the court which first obtains jurisdiction over the subject matter of a controversy will retain jurisdiction until final adjudication and will not be hindered by any action of a court of concurrent jurisdiction. This procedure is not followed in determining the jurisdiction between military and civil courts, as the Federal and State courts fully recognize that the military courts have a preference or a prior or paramount right to the jurisdiction over an offense committed by a person in military service. The courts are actually not on an equal basis since the Military Courts, if they desire, may assume jurisdiction even though contrary to the wishes of a state court. Ex Parte King, 246 F. 868; People v. Denman, 179 Cal. 497, 177 Pac. 461; Funk v. State, 208 S.W. 509. It is well settled that the military courts can waive this paramount or prior right they possess to the jurisdiction of an

accused by releasing the custody of the offender to the civil authorities or by taking no action whatsoever and thus acquiesce to the civil authorities assuming jurisdiction. Caldwell v. Parker, supra, Coleman v. Fenneser, 97 U.S. 509, 24 L.Ed. 1118; Funk v. State, supra. In the recent case of Ex Parte Sumner, 158 S.W. (2d) 310, the Texas Court of Criminal Appeals after discussing section 1546, supra, had the following to say:

"Under this section, two exceptions exist to the application thereof; these are: (a) when the military subject is being held to answer for trial or is undergoing a sentence for an offense under the Articles of War; (b) when a state of war exists. The effect of these exceptions, then, is to say that, when a state of war exists, or when the subject is being held for trial, or is serving a sentence, for an offense punishable under the Articles of War, the commanding officer is not required to deliver him to the civil authorities. The reason therefor is obvious, for the civil authorities ought not--especially in time of war--to be empowered to interfere with the military authorities in the exercise of control and jurisdiction over their military subjects. But, whether the delivery of a particular military subject into the custody of civil authorities for trial would or would not interfere with or hamper the military establishment is a matter primarily within the knowledge of the officers in charge thereof. Such being true, there is nothing to prevent the military authorities from waiving the exceptions mentioned. That such exceptions were waived in the instant case is shown by the fact that the appellant was by the military authorities delivered into the custody of the sheriff for trial. There is nothing to show that the military authorities have asserted any right to proceed against appellant for the offense charged against him, nor that such authorities are investigating, or have made any investigation, relative thereto."

As to when a military court has waived this paramount right or acquiesced is subject to conjecture, for in the case of Ex Parte King, supra, even after the civil authorities indicted a soldier, the military court could intervene and obtain jurisdiction, although

in this case the so-called waiver was said not to come from the proper officers.

We trust the foregoing fully answers your questions.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Fred C. Chandler
Assistant

By

Robert O. Koch
Assistant

FCC:FO
ROK:FO

APPROVED SEP 14, 1943

/s/ Grover Sellers
First Assistant
Attorney General

Approved:
Opinion Committee

By /s/ BWB
Chairman